UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JESSE HILL,<br><br>                Plaintiff,<br>    v.<br><br>ROBERT JACKSON,<br><br>                Defendant. | CASE NO. C23-5739JLR<br><br>ORDER |

Before the court are *pro se* Petitioner Robert Jesse Hill's motions (1) for an extension of time to file objections to United States Magistrate Judge Theresa L. Fricke's report and recommendation ("R&R"), in which Judge Fricke recommends dismissal of Mr. Hill's petition for a writ of habeas corpus (1st Mot. (Dkt. # 37); *see also* R&R (Dkt. # 36); Petition (Dkt. # 13)); and (2) for appointment of counsel (2d Mot. (Dkt. # 38)). Mr. Hill seeks appointment of counsel for the limited purpose of conducting discovery—specifically, to subpoena Mr. Hill's former attorneys to obtain "information" that he asserts is pertinent to the ineffective assistance of counsel claims he raises in his habeas

ORDER - 1

petition. (Hill Decl. (Dkt. # 39) ¶ 5; 2d Mot. at 1; *see also* Petition at 7.[1]) Mr. Hill also seeks an eight-week extension of the deadline to file objections to the R&R in order to allow sufficient time to conduct his desired discovery before lodging objections. (*See* 1st Mot. at 1.)

The court exercises its discretion to consider the motions before the noting date. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure should be construed "to secure the just, speedy, and inexpensive determination of every action and proceeding"). In order to rule on Mr. Hill's request for appointed counsel, the court must consider whether an evidentiary hearing is necessary. *See Bashor v. Riley*, 730 F.2d 1228, 1234 (9th Cir. 1984) (explaining that in the habeas context, appointment of counsel is mandatory where an evidentiary hearing is required, but discretionary in all other instances). The merits of the petition determine the need for an evidentiary hearing. *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) ("In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief."). (*See* R&R at 25-26 (recommending the court deny an evidentiary hearing as unnecessary in this case).) Because the issue of appointed counsel is intertwined with the merits of the petition, the court reserves ruling on Mr. Hill's motion for counsel and will instead consider the motion in conjunction with the R&R.

---

[1] The court references the page numbers contained in the CM/ECF header when citing to the petition.

1  Turning now to Mr. Hill's motion for an extension of time, such motions must be
2 supported by "good cause." Fed. R. Civ. P. 16(b)(4). The court will grant a six-week
3 extension in this instance. Mr. Hill must file his objections to the R&R by no later than
4 June 28, 2024. Mr. Hill is advised that no further extensions of the objections deadline
5 will be granted.

6  In sum, the court RESERVES RULING on Mr. Hill's motion for appointment of
7 counsel (Dkt. # 38), and GRANTS in part Mr. Hill's motion for an extension of time
8 (Dkt. # 37). The Clerk is DIRECTED to re-note Judge Fricke's R&R (Dkt. # 36) and Mr.
9 Hill's motion for appointment of counsel (Dkt. # 38) for the court's consideration on June
10 28, 2024.

11  Dated this 20th day of May, 2024.

JAMES L. ROBART
United States District Judge

ORDER - 3