UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT JESSE HILL,<br><br>                     Petitioner,<br>     v.<br><br>ROBERT JACKSON,<br><br>                     Respondent. | CASE NO. C23-5739JLR<br><br>ORDER |

Before the court is United States Magistrate Judge Theresa L. Fricke's report and recommendation ("R&R"). (R&R (Dkt. # 36).) Magistrate Judge Fricke recommends the court (1) dismiss *pro se* Petitioner Robert Jesse Hill's petition for a writ of habeas corpus with prejudice (*see* Pet. (Dkt. # 13); *see also* Resp. (Dkt. # 26); Reply (Dkt. # 31); Surreply (Dkt. # 32)); (2) deny an evidentiary hearing; and (3) deny a certificate of appealability. (*See generally* R&R.) Mr. Hill filed timely objections to the R&R. (Obj. (Dkt. # 47).) The court has carefully reviewed the foregoing documents, the relevant portions of the record, and the governing law. Being fully advised, the court ADOPTS

ORDER - 1

Magistrate Judge Fricke's R&R and DISMISSES Mr. Hill's habeas petition with prejudice.

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Upon review, "[a] judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because Mr. Hill is proceeding *pro se*, the court must interpret his petition and objections liberally. *See Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).

Under 28 U.S.C. § 2254, habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" those proceedings (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In addition, the Antiterrorism and Effective Death Penalty Act ("AEDPA") "sets a one-year statute of limitations for filing a federal habeas petition seeking relief from a state court judgment." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (citing 28 U.S.C. § 2244(d)(1)). "This limitations period is subject to equitable tolling." *Id.* To obtain equitable tolling, a petitioner must demonstrate he has been diligently pursuing his rights but "extraordinary circumstances"

outside his control made the timely filing of the petition "impossible." *Id.* at 997 (quoting *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)); *see also Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (noting "that equitable tolling is unavailable in most cases" and the petitioner's burden is "very high" (internal quotation marks omitted)).

Here, Mr. Hill concedes that he filed his habeas corpus petition nine days beyond AEDPA's one-year limitations period. (Reply at 9.) He argues he is entitled to equitable tolling based on a number of circumstances, including multiple facility and/or unit moves that separated him from his legal effects, and the prison law library's failure to provide him certain legal forms upon request. (*See generally id.*) Mr. Hill filed an affidavit and copies of numerous grievances he lodged in connection with these issues. (*See generally* Hill Aff. (Dkt. # 30).) In opposition, Mr. Jackson argues nothing in the record "shows that an extraordinary external circumstance prevented [Mr. Hill] from filing earlier in exercising reasonable diligence." (Surreply at 6.)

In her R&R, Magistrate Judge Fricke carefully reviewed the record, concluded Mr. Hill should receive the benefit of equitable tolling under the unique circumstances presented here, and proceeded to consider the merits of the petition. (*See generally* R&R.) Magistrate Judge Fricke then assessed Mr. Hill's seven grounds for relief and determined that none has merit because (1) one ground for relief is rooted in state law and cannot be redressed through a federal habeas corpus petition (*id.* at 14 (citing *Estelle v. McGuire*, 502 U.S. 62, 67 (1991))); and (2) as to Mr. Hill's remaining grounds for relief, he fails to demonstrate the state courts unreasonably applied federal law in analyzing his

//

ineffective assistance of counsel claims (*id.* at 15-25 (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984))).

The court has thoroughly examined the R&R, Mr. Hill's objections thereto, and the balance of the record before it.  The court notes that it harbors some doubt as to the application of equitable tolling.  Whether Mr. Hill has made the requisite showing to obtain equitable tolling is debatable.  Nevertheless, even if the court were to decline to adopt this portion of the R&R, reject equitable tolling, and rule the petition is time-barred, the result would be the same—dismissal with prejudice.  *See* 28 U.S.C. § 2244(d)(1).  In any event, the court concludes that application of equitable tolling is supportable on this record (though barely).

Furthermore, on de novo review, the court finds persuasive Magistrate Judge Fricke's reasoning as to the merits of Mr. Hill's petition.  Mr. Hill's objections are difficult to parse but he appears to raise only one objection to dismissal that was not addressed by the reasoning contained in the R&R.  Specifically, he argues his lawyers' failure to communicate with him regarding certain litigation strategies prevented Mr. Hill "from being able to consider" proceeding *pro se*.  (Obj. at 6 (citing *Faretta v. California*, 422 U.S. 806, 835 (1975) (recognizing the Sixth Amendment right of criminal defendants to self-representation)).)  Mr. Hill's citation to *Faretta* does not explain how the state courts unreasonably applied the *Strickland* standard in evaluating his ineffective assistance of counsel claims.  To the extent Mr. Hill intends to assert an independent Sixth Amendment claim for violation of his right to self-representation, he failed to do so in his petition (*see generally* Pet.), and he cannot assert this claim now because "[i]ssues

raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Zuniga v. King Cnty. Sheriff's Off.*, No. C22-0048JLR, 2022 WL 897609, at *2 (W.D. Wash. Mar. 28, 2022) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996)).

In sum, for the reasons set forth in the R&R, the court independently concludes that Mr. Hill's habeas petition must be dismissed on the merits, an evidentiary hearing is unnecessary, and a certificate of appealability should be denied.[1]  Therefore, the court:

1. ADOPTS the R&R (Dkt. # 36) in its entirety;

2. DISMISSES Mr. Hill's petition for habeas corpus (Dkt. # 13), and this action, with prejudice;

3. DENIES an evidentiary hearing; and

4. DENIES a certificate of appealability.

The Clerk is DIRECTED to send copies of this order to Mr. Hill and to Magistrate Judge Fricke.

Dated this 9th day of August, 2024.

JAMES L. ROBART
United States District Judge

---

[1] Although the question of equitable tolling is debatable in this case, this issue does not entitle Mr. Hill to a certificate of appealability because no reasonable jurist would disagree with the court's assessment of the merits of the petition. *See Mayfield v. Woodford*, 270 F.3d 915, 922 (9th Cir. 2001) (explaining that where "the district court denies a habeas corpus petition on the merits, rather than on procedural grounds, '[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong'" to obtain a certificate of appealability (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000))).